| | |
|---|---|
| TRAVARE MONROE GRANT, <br><br> Plaintiff, <br><br> v. <br><br> LEWIS, et al., <br><br> Defendants. | Case No. 1:16-cv-00424-LJO-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM** <br><br> **(Doc. 22)** <br><br> **TWENTY-ONE (21) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## **FINDINGS**

### A. Background

Plaintiff, Tavare Monroe Grant, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983, based on incidents that occurred while he was a state prisoner housed at the California State Prison in Corcoran, California ("CSP-Cor"). Plaintiff filed the Complaint in this action on March 15, 2016. (Doc. 1.) It was screened and dismissed with leave to amend. (Doc. 20.) Plaintiff's First Amended Complaint is now before the Court for screening. (Doc. 22.)

### B. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

*Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations do not demonstrate that each defendant personally participated in the deprivation of his rights, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), as they are insufficient to state a plausible claim for relief, *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### D. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison in Sacramento, California ("CSP-Sac"), but his allegations are based on circumstances that allegedly occurred at the California State Prison ("CSP-Cor"), in Corcoran, California. Plaintiff names the following prison staff as Defendants: Senior Psychologist, Supervisor B. Adam, PhD; CEO Charles E. Young; Primary Clinician L. Clausell; and Deputy Director J. Lewis.

///

Plaintiff alleges that he was discriminated against, and that his rights to health care under the Eighth Amendment and his process rights under the Fourteenth Amendment were violated, when he did not receive group therapy.  In his first claim, Plaintiff alleges that, in August and September of 2015, Clausell did not ensure that he receive group therapy even though he informed her that he was increasingly depressed, hearing voices, and seeing things.  (Doc. 22, p. 3.)  Plaintiff eventually went to the suicide watch unit and his mental illness worsened.  (*Id.*)  Clausell diagnosed Plaintiff with schizophrenia.  (*Id.*)   Plaintiff alleges that, because of Clausell's "opinion," he "was punished in the rule violation, Clausell knew the disposition that could happen, treated harshly with loss of credit to my prison release date (was done) (sic) and loss of all my privileges."  (*Id.*, p. 4.)  Plaintiff alleges that if he had been provided group therapy, he would not have exhibited the behavior (masturbating during suicide watch check) which caused him to be found guilty of a disciplinary rule violation report.  (*Id.*)  In his second claim, Plaintiff alleges that Defendants Lewis, Young, and Adams denied Plaintiff's 602 healthcare appeal in which he requested group therapy and "CCCMS level of care."  CCCMS housing had a new dayroom with chairs and a flat screen television.  (*Id.*, pp. 4-5.)

As discussed below, Plaintiff fails to state any cognizable claims.  Given the deficiencies and inconsistencies in Plaintiff's pleading, further leave to amend need not be granted.

**B.     Plaintiff's Claims**

**1.     Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's hallucinations and "commanding voices" are accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe,*

5

*Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations are not cognizable as he fails to show that group therapy was a medically required treatment for his depression and hallucinations -- of which the named Defendants were aware and intentionally denied. To the contrary, Plaintiff specifically alleges that he described his "program problem" in a 602 health care appeal after the events occurred which resulted in the rule violation report against him. (Doc. 22, p.4.) Plaintiff also fails to show that his mental health was harmed by any of the Defendants' actions.

It is also apparent from the exhibits attached to the original Complaint, that Plaintiff was in fact receiving therapy, but that he wanted to be allowed to participate in group therapy outside the presence of correctional personnel. (*See* Doc. 1-1, at pp. 2, 3, 5, 6.) Plaintiff presents no support for his contention that medical care is ineffective because it is given in the presence of correctional staff. Any such inference need not be accepted since it is illogical and not facially plausible. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Additionally, at his own request, Plaintiff was housed in a suicide watch cell at the time of the incident which resulted in the rule violation report. (*See* Doc. 1-1, pp. 5, 6; Doc. 22, pp. 3-5.) Indeed, it was during a suicide check that Plaintiff exhibited the behavior that resulted in the rule violation report against him. It would be illogical, under these circumstances, to allow Plaintiff to proceed on a claim that his serious mental health needs were not being properly addressed. Further, to the extent that Plaintiff was on suicide watch because he was a danger to himself or others, deference is to be given to correctional officials "in the context of maintaining security and discipline in the jail." *Harrington v. Scribner*, 785 F.3d 1299, 1307-08 (9th Cir. 2015), quoting *Florence v. Bd. of Chosen Freeholders*, --- U.S. ---, 132 S.Ct. 1510, 1515-16 (2012) (citing *Turner*, 482 U.S. at 89, 107 S.Ct. 2254). Plaintiff thus fails to state a cognizable claim for deliberate indifference to his serious medical needs.

**2.     Equal Protection -- Discrimination**

Plaintiff alleges that Defendants' actions amounted to discrimination, or that they discriminated against him. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432,

6

439(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) plaintiff is a member of an identifiable class; (2) plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff's Equal Protection claim is not cognizable. Plaintiff fails to state any allegations to: (1) show his membership in a protected class; (2) demonstrate that he was intentionally treated differently from others similarly situated; or (3) establish any discriminatory intent on the part of any of the named Defendants.

///

//

### 3. Due Process

"[L]awfully incarcerated persons retain only a narrow range of protected liberty interests." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543 (1976). Transfer to less amenable quarters for non-punitive reasons has been held to be "ordinarily contemplated by a prison sentence." *Hewitt*, 459 U.S. at 468; *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (explaining that "[t]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"). Indeed, the Due Process Clause does not protect against all changes in conditions of confinement even where they "hav[e] a substantial adverse impact on the prisoner involved." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Placement under an investigative watch, such as a contraband watch, is the type of condition of confinement that is ordinarily contemplated by the sentence imposed. *Chapell v. Mandeville*, 706 F.3d 1052, 1062-62 (9th Cir. 2013). Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause, such as involuntary commitment to a mental institution, *see Vitek v. Jones*, 445 U.S. 480, 493–94 (1980), or the forced administration of psychotropic drugs, *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) -- neither of which occurred here. Plaintiff instead requested to be placed on suicide watch, which was granted since it was apparently medically indicated.[1] Although it did not allow Plaintiff access to group therapy or to the dayroom where CCCMS inmates were held, this temporary confinement to a watch status for his own safety does not implicate a liberty interest under the Due Process Clause of the Fourteenth Amendment.

### 4. Supervisory Liability

It appears that Plaintiff named CEO Young and Dep. Dir. Lewis as defendants based solely on their supervisory positions. As stated in the prior screening order, supervisory

---

[1] Plaintiff admits his depression was increasing and he was hearing voices and seeing things.

8

personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state a claim for relief under this theory, Plaintiff must allege some facts to support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A plaintiff "must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff's claim against Dep. Dir. Lewis rests exclusively on his involvement in the handling and processing of Plaintiff's health care appeal, which as noted above is not actionable.

1 | *Ramirez*, 334 F.3d at 860.  Likewise, Plaintiff's allegations against CEO Young are not actionable as Plaintiff fails to show that CEO Young had knowledge that Plaintiff needed group therapy before Plaintiff's health care appeal.  "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  However, a plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates," *Starr v. Baca,* 652 F.3d 1202, 1207 (2011), which may be shown via the inmate appeals process where the supervisor reviewed Plaintiff's applicable inmate appeal and failed to take corrective action, thereby allowing the violation to continue to occur.  Here, Plaintiff alleges that his inability to attend group therapy caused him to engage in behavior for which he received a rules violation report.  However, Plaintiff states that he did not file a 602 health care appeal until *after* the events giving rise to rule violation report occurred.  Thus, Plaintiff's 602 health care appeal did not suffice to place any supervisors on notice so as to result in liability for not taking preventative actions.  Further, to be liable in a supervisorial capacity, Plaintiff must first state cognizable claims against subordinates of CEO Young and Dep. Dir. Lewis -- which as discussed above, Plaintiff has not done.

### 5. *Heck/Edwards* **Bar**

Finally, Plaintiff now alleges he was found guilty of a rules violation report which negatively impacted his release date because he was not provided group therapy for his mental illness.  The United States Supreme Court has determined that an inmate may not bring an action under § 1983 if its success would release the claimant from confinement or shorten its duration, *Preiser v, Ridrugyez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973); *Young v. Kenny*, 907 F.2d 874

(9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

Plaintiff alleges that the guilty finding on the rules violation report caused him loss of credits which negatively impacted his prison release date. Since removal of the rule violation report would resurrect Plaintiff's good-time credits and hasten his minimum earned release date, Plaintiff must show that the guilty finding has been invalidated before pursuing his current claims under § 1983. Plaintiff may not pursue any claims under § 1983 until he is able to show that any finding against him have been favorably terminated. He has failed to do so.

## **RECOMMENDATION**

Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's continued attempts in alleging causes of actions he has previously been advised are not actionable, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

11

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE