# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT,<br><br>    Plaintiff,<br><br>v.<br><br>LEWIS, et al.,<br><br>    Defendants. | 1:16-cv-00424-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 27)<br><br>THIRTY (30) DAY DEADLINE |

      Plaintiff, Tavare Monreo Grant, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2017, Plaintiff filed a motion seeking District Judge reconsideration of "rulings on [Plaintiff's] need for appointment of counsel." (Doc. 27.)

      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff requests a District Judge "to reconsider rulings on [his] need for appointment of counsel" and explains that he declined Magistrate Judge jurisdiction, has not received any order signed by a District Judge in this action, and feels that the Magistrate Judge "is not in [his] best interest and does not take [his] statements as being true and correct and Plaintiff does not receive rulings in (sic) favor." (Doc. 27.)

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff contends that he suffers from severe mental illness and needs an attorney to represent him. While this assertion may be valid, it does not show that the Magistrate Judge's denial without prejudice of Plaintiff's motion for counsel to be appointed was clearly erroneous.

Further, as stated in the Magistrate Judge's order denying appointment of counsel, Plaintiff does not have a right to appointed counsel, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989), and exceptional circumstances are not present at this time for the Court to seek the voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525.

Plaintiff's trepidation with pursuing this case on his own, while understandable, is not sufficient grounds for reconsideration of the Magistrate Judge's order denying appointment of counsel without prejudice. Further, nothing in the Magistrate Judge's order, nor this order, prohibits Plaintiff from attempting to secure counsel on his own. Finally, while the Court wishes

it were able to appoint counsel for all indigent *pro se* litigants who desire representation, there is a dearth of attorneys who are willing to undertake such appointments.

This Court has reviewed the Magistrate Judge's pending Findings and Recommendations to dismiss the action with prejudice (Doc. 24) with which it concurs, since Plaintiff's factual allegations simply do not amount to a cognizable violation of his civil rights and are not capable of correction to state a cognizable claim. It appears highly unlikely that Plaintiff, even if counsel were appointed, would be able to state any objections to cause this Court not to adopt the Findings and Recommendations. However, since it is possible that Plaintiff was waiting for a ruling on this motion before attempting to draft and file objections, he is given a thirty day extension of time from the date of service of this order to do so.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Magistrate Judge's order denying Plaintiff's request for appointment of counsel that issued on September 14, 2017 (Doc. 26), to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel to be appointed in this case, filed September 27, 2017 (Doc. 27), is **HEREBY DENIED**; Plaintiff is granted **thirty (30) days** from the date of service of this order to file objections to the Findings and Recommendations to dismiss, that issued on August 30, 2017 (Doc. 24); alternatively within that same time, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __**September 28, 2017**__          ___/s/ Lawrence J. O'Neill___
                                                                     UNITED STATES CHIEF DISTRICT JUDGE