# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE GRANT,<br><br>    Plaintiff,<br><br>v.<br><br>LEWIS, et al.,<br><br>    Defendants. | **Case No. 1:16-cv-00424-LJO-SKO (PC)**<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO VACATE JUDGMENT**<br><br>**(Doc. 31)**<br><br>**THIRTY DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Tavare Grant, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, filed March 15, 2016. (Doc. 1.) This action was closed on November 13, 2017, when the action was dismissed for Plaintiff's failure to state a claim. (Docs. 29, 30.) On November 27, 2017, Plaintiff filed a motion seeking reconsideration of the order dismissing this action, indicating prison staff has been tampering with his mail. (Doc. 31.) Because the Court does not believe excusable neglect has been demonstrated, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

## II. DISCUSSION

The history that led up to dismissal of this action is straightforward. On August 30, 2017, Findings and Recommendations ("F&Rs") issued for this action to be dismissed based on Plaintiff's failure to state a cognizable claim. (Doc. 24.) Despite requesting and receiving extensions of time, Plaintiff did not file objections to the F&Rs. Thus, on November 13, 2017, an

order issued adopting the F&Rs and closing the case. (Docs. 29, 30.) On November 27, 2017, Plaintiff filed a motion in which he requests additional time to be able to file objections to the F&Rs because prison personnel are opening and "trashing" his mail -- a matter which Plaintiff is having investigated. (Doc. 31.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's declaration indicates that he was unaware that correctional staff were opening and "trashing" his legal mail until he received the order dismissing this case. Yet, Plaintiff must have known of the F&Rs, filed August 30, 2017, and the initial 30-day deadline to file objections (*see* Doc. 24), because he filed a response to the F&Rs in the form of a request for an extension of time to file objections and a request for counsel on September 13, 2017 (see Doc. 25). This initial request for an extension was granted on September 14, 2017, giving him an extra 30 days to respond, while Plaintiff's request for counsel was denied. (Doc. 26.) Again, Plaintiff must have

received the September 14, 2017 order, because he filed a request for reconsideration of that order on September 28, 2017. (Doc. 27.) Among other things, his request for reconsideration requested a ruling from the district court (as opposed to the magistrate judge) on the issue of appointment of counsel. (Doc. 27.) On September 28, 2017, his request for counsel was again denied, this time by the district court, and Plaintiff was again given an additional 30 days to file objections. (Doc. 28.) Plaintiff failed to file objections. On November 13, 2017, the district court adopted the unopposed F&Rs. (Doc. 29.) Nowhere in Plaintiff's latest filing does Plaintiff indicate that he prepared objections and attempted to send them, nor does he provide any specific facts that explain his assertions about having his mail trashed. In light of the existing record that suggests Plaintiff did receive his mail regularly, the Court does not believe Plaintiff has made a sufficient showing of circumstances beyond his control which justify relief from the operation of judgment. Therefore, the Court **DENIES WITHOUT PREJUDICE** his request for more time to file objections to the F&Rs, construed as a request relief from judgment. If Plaintiff has additional support for his request, the Court will consider that information when it is presented.

### III. ORDER

Accordingly, it is **HEREBY ORDERED** that Plaintiff's motion to vacate judgment, filed on November 27, 2017 (Doc. 31), is **DENIED WITHOUT PREJUDICE**;

IT IS SO ORDERED.

Dated: **December 13, 2017**              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES CHIEF DISTRICT JUDGE